Robert H. Hughes, USB #9787
John L. Cooper, USB #16025
Mindy Kidd, USB #18032
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
RHughes@parsonsbehle.com
JCooper@parsonsbehle.com
MKidd@parsonsbehle.com
ecf@parsonsbehle.com
*Attorneys for Defendant West Valley City*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HH-SALT LAKE, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY, a Utah municipality,<br><br>Defendant. | **ANSWER TO AMENDED COMPLAINT**<br><br>Civil No. 2:23-cv-00470-TS-DAO<br><br>The Honorable Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Defendant West Valley City ("**Defendant**" or "**WVC**"), by and through undersigned counsel, hereby answers the Amended Complaint filed by Plaintiff HH-Salt Lake, LLC ("**Plaintiff**" or "**Hustler Hollywood**") and responds as follows:

### INTRODUCTION

1.      This action is necessitated by WVC's decision to unconstitutionally weaponize vague zoning restrictions within its Municipal Code in order to prohibit the marketing and/or sale of women's intimate apparel when done in conjunction with the sale and/or marketing of adult

novelties and sexual aids. These restrictions are not only discriminatory on the basis of gender, but they are also so vague and irrational that they allow WVC to selectively regulate Plaintiff's protected speech, seemingly because WVC dislikes the content thereof.

**RESPONSE**: Deny. WVC states that unlike pornographic materials, videos, books and literature, the sale of lingerie, adult novelties, and adult marital or sexual aids does not constitute protected speech or expression under the First Amendment of the United States Constitution. *See generally Adam and Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951 (8th Cir. 2019); *see also Midvale City Corp. v. Halton*, 73 P.3d 334, 341-42 (Utah 2003) (highlighting the distinction between sexually explicit protected speech and the non-expressive sale of sex-related products). Further answering, WVC states that it properly denied Hustler Hollywood's application to operate as a Lingerie Store in the C-2, Decker Lake Station Overlay Zone where Hustler Hollywood knew or should have known that such use was prohibited.

WVC asserts that the WVC Code regarding "Lingerie Stores" references the "sale of lingerie, adult novelties, and adult marital or sexual aids" (*see* WVC Municipal Code § 7-1-103(152)) but does not use the phrase "women's intimated apparel." WVC denies Hustler Hollywood's mischaracterization of the WVC Code, which Hustler Hollywood employs throughout its Amended Complaint.

2.      WVC has infringed upon Plaintiff's constitutionally guaranteed rights of equal protection, due process, uniform operation of laws, and freedom of speech by placing restrictions on the time, place and manner in which a retail establishment that sells the specific combination of "lingerie, adult novelties, and adult marital or sexual aids" can operate, without identifying a government interest sufficient to justify such restrictions.

4889-4926-8108.v3

**RESPONSE**: Deny. WVC denies that the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution or the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush v. City of S. Salt Lake*, 2006 UT 40, ¶ 21 (explaining "the governmental restriction clause concerning freedom of expression contained in the Utah Constitution . . . does not expand the range of expression protected"). WVC denies that it has infringed on Hustler Hollywood's constitutional rights under the U.S. Constitution or the Utah Constitution.

3.      The WVC code does not define what is included within its use of the terms "lingerie, adult novelties, and adult marital or sexual aids…" The plain language definition of "lingerie" includes only women's intimate apparel, and not men's.

**RESPONSE**:  WVC asserts that its Code speaks for itself. WVC admits that the Code does not include definitions of the listed terms. WVC denies the allegation in the second sentence of paragraph 3 on the ground that WVC does not adopt Hustler Hollywood's premise that lingerie is limited to a gender specific definition because the plain language of the Code includes no restrictive, gender qualifier on the term lingerie.

4.      The code's language allows WVC to avoid placing any similar restrictions on other retail stores that sell lingerie, even large quantities of lingerie, but do not also sell adult novelties and adult sexual aids. The restrictions that the WVC code imposes on a "Lingerie Store" are more onerous than those imposed on other retail establishments that sell lingerie but not in conjunction with adult novelties and adult sexual aids.

4889-4926-8108.v3

**RESPONSE**: Paragraph 4 sets forth legal conclusions to which no response is required. To the extent that a response is required, WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. WVC denies that other retail stores within the C-2, Decker Lake Station Overlay Zone are not subject to WVC Code zoning requirements for Lingerie Stores.

5. In placing these restrictions on "Lingerie Stores," WVC presents no findings regarding any negative secondary effects purportedly associated with the sale of lingerie in combination with a small quantity of adult novelties and adult marital or sexual aids. WVC includes no such findings because none exist.

**RESPONSE**: WVC admits that has not presented findings about negative secondary effects related to the sale of lingerie, but WVC denies Hustler Hollywood's implied premise that WVC is required to include findings regarding "negative secondary effects purportedly associated with the sale of lingerie in combination with a small quantity of adult novelties and adult marital or sexual aids." WVC's Code Provision regarding "Lingerie Stores" does not restrict any expressive conduct or infringe on any fundamental rights. *See Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42. Because WVC's zoning regulation regarding Lingerie Stores does not restrict any protected expressive conduct or infringe on any fundamental rights, WVC need not point to negative secondary effects of a Lingerie Store. Further answering, WVC lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence of paragraph 5, and therefore denies same.

4889-4926-8108.v3

6. WVC's decision to prohibit Plaintiff from selling lingerie in combination with other legal products should be seen for what it is: a thinly-veiled attempt to regulate one specific business because its brand and products seemingly upset the sensibilities of WVC leadership.

**RESPONSE**: Deny. WVC asserts that Hustler Hollywood was granted a business license, is open for business, and is not prohibited from "selling lingerie in combination with other legal products." Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152). WVC asserts that Code section 7-1-102 sets forth the purpose of Title 7 of the Code.

7. Because the WVC Code chapters in question discriminate on the basis of gender, target the contents of Plaintiff's protected speech instead of any purportedly associated adverse secondary effects, and are unintelligibly vague, the Court must apply heightened levels of scrutiny in examining the constitutionality of these chapters. In so doing, and as described in greater detail below, the Court must protect Plaintiff's constitutional rights and grant declaratory, injunctive, and monetary relief in favor of Plaintiff.

**RESPONSE**: WVC denies the allegations in paragraph 7. WVC asserts that its Code Provision regarding "Lingerie Stores" does not restrict any expressive conduct or infringe on any fundamental rights, *see Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42, nor does it discriminate on the basis of gender. Therefore, the correct standard of review is rational basis review, not heightened or strict scrutiny. WVC denies Hustler Hollywood is entitled to any relief.

4889-4926-8108.v3

## PARTIES AND JURISDICTION

8.      Plaintiff HH-SALT LAKE is a Utah limited liability company with its headquarters and principal place of business located in Salt Lake County, Utah.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 8 and therefore denies same.

9.      Defendant WVC is a municipality created and existing under Title 10 of the Utah Code.

**RESPONSE**: Admit.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 because several of Plaintiff's claims arise under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

**RESPONSE**: WVC admits the allegations in paragraph 10.[1]

11.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367, as the violation of Plaintiff's civil rights under the Constitution of the United States and the violations of Utah state law arise out of a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

**RESPONSE**: WVC admits the Court presently has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367.[2] WVC denies that it violated Plaintiff's civil

---

[1] In its Motion for Judgment on the Pleadings ("Motion"), which WVC intends to file shortly, WVC will assert that Hustler Hollywood's Constitutional claims and Civil Rights' claims fail as a matter of law.

rights under the U.S. Constitution or that it has violated Utah law. WVC denies any allegation in paragraph 11 not specifically admitted.

12.    This action may be brought in the Central Division of the District Court pursuant to the provisions of 28 U.S.C. Section 2201. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in the Central Division of the District of Utah and the events giving rise to Plaintiff's claims occurred there.

**RESPONSE**: Admit.

## GENERAL ALLEGATIONS

13.    As a municipality within the State of Utah, WVC has the authority under Utah's Municipal Land Use, Development, and Management Act ("LUDMA"), to enact and enforce ordinances within its incorporated limits, as allowed by the laws of Utah and the United States of America.

**RESPONSE**: Admit.

14.    WVC has exercised this authority by enacting its own set of municipal ordinances. The currently-operative ordinances are memorialized within what is styled as "The West Valley City Municipal Code" (hereinafter the "**WVC Code**" or the "**Code**").

**RESPONSE**: Admit.

15.    Within the WVC Code, Chapter 17-5 is dedicated to the regulation of what the Code terms "Sexually Oriented Businesses."

---

[2] In its forthcoming Motion, WVC will argue that the Court should dismiss Hustler Hollywood's federal claims with prejudice and refuse to exercise supplemental jurisdiction over the remaining state law claims.

**RESPONSE**: Admit. WVC asserts that the parties have not disputed that Hustler Hollywood's business is not classified as a "Sexually Oriented Business." *See* WVC Municipal Ordinance § 17-5-104(29).

16.     The designation of a business as a "Sexually Oriented Business" has substantial repercussions. Among other things, such businesses are only able to operate within certain limited districts designated for such uses. Even within such districts, these businesses are subject to heightened permitting and licensure requirements.

**RESPONSE**: WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. WVC admits that Sexually Oriented Businesses are allowed in designated zones. To the extent the remainder of the allegations in paragraph 16 are inconsistent with or otherwise misconstrue or mischaracterize the Code, WVC denies the allegations.

17.     Chapter 17-5's stated purpose is to "establish reasonable and uniform regulations governing the time, place, and manner of operation of sexually oriented businesses and their employees in the City." The Chapter also states that it "shall be construed to protect the governmental interests recognized by this Chapter in a manner consistent with constitutional protections provided by the United States and Utah Constitutions."

**RESPONSE**: Paragraph 17 is a statement of the WVC Code to which no response is required. WVC asserts that its Code speaks for itself and the Court, not the Plaintiff, has the mantle of interpreting the law. To the extent a response is required, WVC admits the quoted segments reflect the WVC Code.

4889-4926-8108.v3

18.     Elsewhere in the WVC Code, Chapter 7-1-103 (153) defines a "Lingerie Store" as a retail establishment meeting any of the following criteria:

a.      Over five percent of the floor area is devoted to the sale of lingerie, adult novelties, **_and_** adult marital or sexual aids;

b.      Lingerie, adult novelties, **_and_** adult marital or sexual aids account for five percent or more of gross sales; or

c.      The establishment is marketed as a Lingerie Store or adult establishment. (emphasis added).

**RESPONSE**: Paragraph 18 is a statement of the WVC Code to which no response is required. WVC asserts that its Code, without Hustler Hollywood's emphasis, speaks for itself.

19.     Nowhere within WVC Code Chapter 7 are the terms "lingerie" "adult novelties" "adult marital or sexual aids" or "adult establishment" specifically defined.

**RESPONSE**: WVC asserts its Code speaks for itself. To the extent a response is required, WVC admits that the quoted terms are not defined in the Code.

20.     Webster's Dictionary defines "lingerie" as "women's intimate apparel." https://www.merriam-webster.com/dictionary/lingerie.

**RESPONSE**: WVC asserts that Webster's Dictionary online content speaks for itself. To the extent a response is required, WVC admits that, as of November 10, 2023, the quoted language was included in one definition of "lingerie" at the noted website address.

21.     Chapter 7-1-103's definition of a "Lingerie Store" is wholly separate from and unrelated to Chapter 17-5's regulation of "Sexually Oriented Businesses." Being classified as a

"Lingerie Store" does not equate to being classified as a "Sexually Oriented Business" under the WVC Code.

**RESPONSE**: Paragraph 21 sets forth legal conclusions to which no response is required. To the extent that a response is required, WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. WVC asserts the parties have not disputed that Hustler Hollywood's business is not classified as a "Sexually Oriented Business." *See* WVC Municipal Ordinance § 17-5-104(29).

22. Chapter 7-1-103 contains no findings regarding any negative secondary effects purportedly associated with the sale of the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids that it seeks to combat.

**RESPONSE**: WVC asserts that its Code speaks for itself. To the extent a response is required, WVC admits Chapter 7-1-103 of its Codes does not contain findings about negative secondary effects. WVC denies Hustler Hollywood's implied premise that WVC is required to include findings regarding "negative secondary effects purportedly associated with the sale of the specific combination of women's intimate apparel, adult novelties and adult marital or sexual aids." WVC's Code Provision regarding "Lingerie Stores" does not restrict any expressive conduct or infringe on any fundamental rights. *See Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42. Because WVC's zoning regulation regarding Lingerie Stores does not restrict any protected expressive conduct or infringe on any fundamental rights, WVC need not point to negative secondary effects of a Lingerie Store.

23. In April of 2018, the WVC City Council adopted an ordinance to repeal and reenact Title 7. When Chapter 7-1-103 was promulgated and codified in 2018 through City

Council approval of WVC Ordinance 18-13, the City Council did not specifically discuss or identify any purpose behind the regulation of "Lingerie Stores."

**RESPONSE**: WVC denies that the City Council adopted an ordinance to repeal and reenact Title 7 in April of 2018. WVC asserts that the City Council adopted the repeal and reenactment of Title 7 in March 2017, and then Title 7 was amended in 2018. Subject to WVC's assertion, WVC admits that there was no discussion of Lingerie Stores by the City Council around the time of March 2017.

24.     WVC Code Chapter 7-6 is titled "Zones and Districts." Chapter 7-6 is the chapter that articulates WVC's zoning restrictions, including the time, place and manner in which businesses can operate throughout the municipality.

**RESPONSE**: Paragraph 24 is a statement of the WVC Code to which no response is required. WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. To the extent a response is required, WVC admits the title of Chapter 7-6 and admits that Chapter 7-6 concerns zoning.

25.     WVC Code Chapter 7-6-301, the section specifically addressing commercial and manufacturing zones, disallow the operation of a business that meets the definition of a "Lingerie Store" in eight (8) of the twelve (12) commercial zoning districts established by the WVC Code, including the "Decker Lake Station Overlay Zone."

**RESPONSE**: Paragraph 25 is a statement and an interpretation of the WVC Code to which no response is required. WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. To the extent a response is required, WVC admits paragraph 25.

11

26.     Said another way, if a retailer sells or markets a small amount of the combination of products that fall within the vague and undefined categories of 1.) lingerie (women's intimate apparel); 2.) adult novelties; and 3.) adult marital or sexual aids; then that retailer is prohibited from operating in two-thirds of the commercial zones within WVC. Conversely, a retailer that sells lingerie, but does not also sell adult novelties and adult marital or sexual aids would be able to operate in additional commercial zones, but only so long as the retailer did not market themselves as a "Lingerie Store."

**RESPONSE**: Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is required, WVC asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law. WVC admits that Lingerie Stores are allowed to operate in certain zones of the WVC. WVC denies the listed categories are vague.

27.     The WVC code makes no justifications as to why operation of a "Lingerie Store" is subject to these thresholds or why these establishments are disallowed in so many commercial zones where other clothing retailers (including those that sell lingerie) and general commercial retailers are allowed to operate.

**RESPONSE**: Paragraph 27 is a statement and interpretation of the Code to which no response is required. WVC asserts that its Code speaks for itself. To the extent that a response is required, WVC denies that Hustler Hollywood has the authority to interpret the Code. WVC asserts that Code Section 7-1-102 identifies the purpose of Title 7 of the Code. WVC asserts that its Code Provision regarding "Lingerie Stores" does not restrict any expressive conduct or infringe on any fundamental rights. *See Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

4889-4926-8108.v3

28.     Hustler Hollywood stores, such as Plaintiff, are consciously crafted and designed to convey a specific message to its customers and to the general public.

**<u>RESPONSE</u>**: WVC lacks knowledge or information sufficient to form a belief about the thought process of Hustler Hollywood in crafting and designing its store, and therefore denies the allegations in paragraph 28. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution or the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21.

29.     That message, as stated on the Hustler Hollywood website, can be summarized as follows:

> We don't hide who we are. We don't apologize for our desires. We decide what turns us on. Exploring different expressions of our sexuality opens us up to new, exciting experiences and higher levels of understanding.
>
> Hustler Hollywood is part of an empire that was built by Larry Flynt, a man who was not ashamed of sex or afraid to push boundaries, a legend who fought for free speech at a time of legal sexual puritanism. Our stores pass on Larry's message of free sexual expression by offering an upscale shopping experience in an elegant setting.

…

> With our wide selection of high-quality lingerie, erotica, sex toys, and novelties, our stores encourage curiosity.

**<u>RESPONSE</u>**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies same. WVC asserts that Hustler Hollywood cannot convert the sale of lingerie, adult novelties, and adult marital or sexual aids to

protected speech or expression simply by stating it intends to convey a message through the sale of non-expressive merchandise.

30.     While this message is conveyed in writing on the Hollywood Hustler website, it is also conveyed by the combination of products marketed, displayed and sold at its retail locations. This message has, in turn, been clearly understood by Hollywood Hustler customers and the general public, as the Hollywood Hustler brand has become recognized across the globe.

**RESPONSE**: WVC denies that Hustler Hollywood's sale of lingerie, adult novelties, and adult marital or sexual aids conveys protected speech or expression under the First Amendment of the United States Constitution or the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21. WVC lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 30, and therefore denies same.

31.     In or about the Summer of 2021, Plaintiff began internal planning efforts aimed at opening a Hollywood Hustler store within the WVC municipal limits (the "**Store**").

**RESPONSE**:  WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore denies the same.

32.     Plaintiff planned for the Store to carry a robust retail inventory, that would convey the aforementioned message with which the Hollywood Hustler brand had become synonymous. Plaintiff planned for the majority of the inventory sold at the Store to be made up of clothing items such as novelty t-shifts, swimwear, pajamas, and women's intimate apparel.

**RESPONSE**: WVC denies that Hustler Hollywood's sale of lingerie, adult novelties, and adult marital or sexual aids conveys protected speech or expression under the First Amendment

of the United States Constitution or the freedom of speech clause of the Utah Constitution. WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff planned to do and therefore denies the remainder of the allegations in paragraph 32. Further answering, WVC admits that Hustler Hollywood provided information to WVC during the application process.

33.    Plaintiff planned to display and actively advertise its women's intimate apparel in an effort to drive retail customers to the Store.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 about what Hustler Hollywood planned to do to drive customers to its Store, and therefore denies the same. Further answering, WVC admits that Hustler Hollywood provided information to WVC during the application process.

34.    Plaintiff also planned to dedicate a small portion of the retail floor space in the Store to selling instruments, devices, novelty items and/or paraphernalia commonly used in connection with sexually oriented activities (hereinafter collectively referred to as "**Adult Materials**").

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies the same. Further answering, WVC admits that Hustler Hollywood provided information to WVC during the application process. WVC disagrees with Hustler Hollywood's categorization of "Adult Materials" because this fabricated category includes products that are protected under the First Amendment (*see* paragraph 35 below adding "non-obscene, erotic materials and depictions" to Hustler Hollywood's definition of "Adult Materials") and products that are not protected under the First

15

Amendment; WVC's ordinance regarding Lingerie Stores does not address those products that are protected by the First Amendment.

35.     Some of the Adult Materials that Plaintiff planned to sell (and now actually does sell) at the Store include non-obscene, erotic materials and depictions.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore denies the same. WVC disagrees with Hustler Hollywood's categorization of "Adult Materials" because this fabricated category includes products that are protected under the First Amendment, as added to the category by Hollywood Hustler in this paragraph, and products that are not protected under the First Amendment; WVC's ordinance regarding Lingerie Stores does not address those products that are protected by the First Amendment.

36.     Plaintiff planned to have this small section of the Store dedicated to the sale of Adult Materials (the "Specialty Area") totally segregated from the other parts of the Store. The Specialty Area would be designed to be blocked from the view of the rest of the Store, and minors would be prohibited from entering therein.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about what Hustler Hollywood planned to do and therefore denies the allegations in paragraph 36. Further answering, WVC admits that Hustler Hollywood provided information to WVC during the application process. WVC disagrees with Hustler Hollywood's categorization of "Adult Materials" because this fabricated category, as defined in Paragraphs 34 and 35, includes products that are protected under the First Amendment and products that are not protected under

the First Amendment; WVC's ordinance regarding Lingerie Stores does not address those products that are protected by the First Amendment

37.     As part of this initial planning process, Plaintiff dedicated significant time and resources to understand if and how WVC would regulate the sale of Adult Materials in the Store.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies the allegations in paragraph 37. However, WVC asserts that its Code clearly sets forth the restriction on Lingerie Stores in the applicable zone and that Hustler Hollywood bears the obligation to ensure that its proposed use is allowed under the applicable zone.

38.     Because Plaintiff intended for the Store's Specialty Area to make up less than 15% of its retail floor space, and because the rest of the store would be dedicated to general retail, Plaintiff believed that the Store would not qualify as a "Sexually Oriented Business" as defined under WVC Code Chapter 17-5.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 about what Hustler Hollywood intended or believed. WVC asserts the parties do not dispute that Hustler Hollywood's business is not classified as a "Sexually Oriented Business." *See* WVC Municipal Ordinance § 17-5-104(29).

39.     To ensure that this understanding was correct, on or about September 1, 2021, Plaintiff, through its agent, reached out to WVC leadership via email to confirm its understanding on the subject.

**RESPONSE**: WVC admits that it received an email from Hustler Hollywood on or about September 1, 2021. WVC lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations in paragraph 39 about Hustler Hollywood's understanding or intention and therefore denies the same. WVC denies any allegation in paragraph 39 not specifically admitted.

40.     In that email, Plaintiff cited the Code Chapter 17-5 and indicated that Plaintiff

is interested in opening a retail establishment selling a small portion of adult
materials (<15%). If those items are limited to a 'specialty area' which is
prohibited to minors and screened from view, and makes up less than 15% of the
retail floor and/or shelf space, would the store be classified as general retail?

**<u>RESPONSE</u>**: WVC asserts that the email speaks for itself. To the extent that a response is required, WVC admits that it received an email from Hustler Hollywood that referenced the Code's definition of "Adult Bookstore or Adult Video Store" containing the quoted language.

41.     Later that same day, Jody Knapp, WVC's Zoning Administrator, responded stating that

if it's a retail store and the adult products are less than 15% of the floor area then
it is not an adult business and would be considered general retail. For example,
the Blue Boutique is located in West Valley and they are retail.

**<u>RESPONSE</u>**: WVC asserts that the email speaks for itself. To the extent that a response is required, WVC admits that Jody Knapp sent an email response containing the quoted language. Further responding, WVC states that Hustler Hollywood did not ask about and, accordingly, Ms. Knapp did not address the restriction on "Lingerie Stores."

42.     Ms. Knapp also indicated that Plaintiff "just needs to provide a floor plan outlining that the floor area is not over the 15%..." A true and correct copy of this email correspondence is attached hereto as **<u>Exhibit A</u>**.

**<u>RESPONSE</u>**: WVC asserts that the email speaks for itself. To the extent that a response is required, WVC admits that Jody Knapp sent an email response containing the quoted

language. WVC asserts that, in the part of the email omitted by Hustler Hollywood, Ms. Knapp continued her sentence, writing: "and that is part of the business license review process: http://www.wvc-ut.gov/83/Licensing." (*See* Exhibit A to Am. Compl. (emphasis added).) Further answering, WVC states that Hustler Hollywood did not ask about and, accordingly, Ms. Knapp did not address the restriction on "Lingerie Stores."

43.     To date, WVC has never taken the position that the Store qualifies as a "Sexually Oriented Business."

**RESPONSE**: WVC admits the allegations contained in paragraph 43. Further answering, WVC asserts that it classifies a business based on the information submitted in connection with the business license application procedure, and the parties have not disputed that Hustler Hollywood's business is not classified as a "Sexually Oriented Business." *See* WVC Municipal Ordinance § 17-5-104(29).

44.     Based upon Ms. Knapp's representations, which were made in her official capacity and on behalf of WVC, Plaintiff took steps to open the Store in WVC.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 about what Hustler Hollywood based its conduct on. Further answering, WVC states that it classifies a business based on the information submitted in connection with the business license application. WVC states that when Hustler Hollywood submitted its inquiries to WVC, Hustler Hollywood did not ask about and, accordingly, Ms. Knapp did not address the restriction on "Lingerie Stores."

45.     More specifically, Plaintiff promptly applied for a WVC business license on or about February 9, 2022.

**RESPONSE**: Without admitting or denying whether a 5-month delay qualifies as "promptly," WVC admits that it received Hustler Hollywood's application for a business license on or about February 9, 2022.

46. Plaintiff procured a commercial property to lease for the Store, located at 2194 West 3500 South, Suite D1 (the "Premises"). Plaintiff also invested significant time and money in the design and construction of the Premises as it had planned.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies the same. WVC admits that Hustler Hollywood is operating a retail store at the Premises.

47. Plaintiff only took these steps because, beginning with Ms. Knapp's representations in September 2021, and continuing consistently up until late July 2022, Plaintiff received numerous indications that it would receive a business license and be allowed to operate the Store at the Premises. By way of example, some of these indications included:

a. Indicating that the Store had "passed" the Commercial Planning and Zoning Pre- Site Approval by WVC Planner Daniel Bush on or about February 9, 2022;

b. Numerous conversations on the matter between representatives of Plaintiff and representatives of WVC; these conversations took place via phone, email and at times in person;

c. WVC's inducement of Plaintiff to pay fees associated with various stages of the approval process;

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 because WVC is not privy to Hustler Hollywood's

20

reasons for taking certain steps. WVC denies that it provided numerous indications to Hustler Hollywood that it would receive a business license and be allowed to operate a business that did not comply with WVC zoning regulations. WVC asserts that Hustler Hollywood did receive a business license and has been allowed to operate its store on the Premises.

        a.      WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47(a) and therefore denies the same, with the exception that WVC admits that on or about February 9, 2022, the Store "passed" the Commercial Planning and Zoning Pre-Site Approval by WVC. Further answering, WVC states that a pre-site approval does not mean that Hustler Hollywood "would receive a business license or be allowed to operate the Store at the Premises." WVC asserts that Hustler Hollywood did receive a business license and has been operating at the Premises.

        b.      WVC admits that it engaged in conversations with Hustler Hollywood on the matter. WVC denies that these conversations indicated that Hustler Hollywood "would receive a business license or be allowed to operate the Store at the Premises" without complying with WVC zoning regulations. WVC asserts Hustler Hollywood did receive a business license and has been operating at the Premises.

        c.      WVC denies that it induced Hustler Hollywood to pay fees associated with various stages of the approval process, pointing out that the approval process is required for all applicants wishing to obtain necessary permits and a business license and do not indicate one way or the other whether WVC would approve or deny the application. Regardless, Hustler Hollywood received a business license and has been operating at the Premises.

4889-4926-8108.v3

48.     But for Ms. Knapp's representations on behalf of WVC, and WVC's continued indications that Plaintiff's business license would receive approval, Plaintiff would not have invested the time, money and resources that it did into establishing the Store in WVC.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and calls upon Plaintiff for full and complete proof thereof.

49.     On or about July 18, 2022, after more than ten (10) months of communication, and after receiving various levels of approval, Plaintiff received notice that its business license for the Store was being denied by WVC. This notice, which came in the form of a letter from WVC Planner Daniel Bush, was the first indication that the Store's business license would not be approved based on Plaintiff's anticipated sale of women's intimate apparel.

**RESPONSE**: WVC admits that it sent Hustler Hollywood a letter, notifying Hustler Hollywood that it denied Hustler Hollywood's application for a business license for the Store but denies that this was the first indication that the Store's business license would not be approved based on Hustler Hollywood's anticipated sale of lingerie because the Code sets forth this restriction. WVC denies that the phrase "women's intimate apparel" is used in the letter.

50.     In support of its decision to deny Plaintiff a business license, Mr. Bush informed Plaintiff of the following:

> You have applied to operate a business called 'Hustler Hollywood' at 2194 West 3500 South, Suite D1. The proposed business is described in the business license application as offering 'general retail, lingerie, and gifts.' This description is consistent with signage and advertising for the proposed business and other Hustler Hollywood locations that market the availability of lingerie and adult novelties. Accordingly, the proposed business is classified as a 'lingerie store' pursuant to West Valley City

Municipal Code Section 7-1-103(152). This property is included within the Decker Lake Overlay Zone. Lingerie stores are prohibited within the Decker Lake Overlay Zone by West Valley City Municipal Code Section 7-6- 301… Since the business may not be lawfully licensed at the proposed location, the application is denied.

A true and correct copy of Mr. Bush's letter is attached hereto as **<u>Exhibit B</u>**.

**<u>RESPONSE</u>**: Admit.

51.     On August 1, 2022, Plaintiff timely appealed WVC's denial of the Store's business license in writing, as required by WVC Code Chapter 17-1-106-107.

**<u>RESPONSE</u>**: Admit.

52.     A hearing regarding WVC's denial of the business license was scheduled and took place before the License Hearing Board of West Valley City on August 29, 2022. The Hearing Board indicated that it would deny Plaintiff's appeal later that same day.

**<u>RESPONSE</u>**: Admit.

53.     However, subsequent to these indications of denial, Plaintiff and WVC agreed to stay the submission of a final order in an effort to find a negotiated resolution to the matter.

**<u>RESPONSE</u>**: Admit.

54.     In the process of attempting to reach a negotiated resolution, Plaintiff dedicated significant time and resources to finding both short- and long-term solutions to the dispute regarding its ability to operate its business created by WVC.

**<u>RESPONSE</u>**: WVC admits that Hustler Hollywood and WVC attempted to negotiate a resolution of their dispute. WVC denies the dispute was created by WVC. WVC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54 and thus denies the same.

55.     As part of this process, WVC invited Plaintiff to submit a proposed change to the WVC Code that would be aimed at resolving the current Code's arbitrary discrimination against stores that sell the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids.

**RESPONSE**: WVC admits that it expressed its preference that Hustler Hollywood submit a proposed change to the WVC Code rather than file a lawsuit. WVC denies that it engaged in arbitrary discrimination against stores selling lingerie, adult novelties, and adult marital or sexual aids because of the WVC Code.

56.     Plaintiff agreed to do so, on the condition that its request be taken seriously, and that it be allowed to open the Store immediately while temporarily excluding the women's intimate apparel it would typically display, advertise, and sell while the parties attempted to find a more permanent solution to the dispute.

**RESPONSE**: WVC admits that it allowed Hustler Hollywood to open the Store so long as the amount of lingerie products did not exceed the limits set forth in the Code. WVC lacks knowledge or information sufficient to form a belief about what ultimately motivated Hustler Hollywood's decision to submit a proposed Code change or its typical inventory and thus denies the same.

57.     But for WVC unconstitutionally conditioning Plaintiff's receipt of a business license on the exclusion of women's intimate apparel from the products marketed and sold at the Store, Plaintiff would have included women's intimate apparel within the inventory found at the Store. Plaintiff also would have advertised and marketed this women's intimate apparel, as it had planned prior to opening the Store.

4889-4926-8108.v3

**RESPONSE**: WVC denies that its enforcement of its zoning ordinances was unconstitutional or that it placed an unconstitutional condition on Hustler Hollywood's receipt of a business license. WVC lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 57 about what Hustler Hollywood would have included in its inventory. WVC further responds that Hustler Hollywood is not prohibited from selling lingerie; Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152).

58.    In or about early January 2023, Plaintiff opened the Store at the Premises without offering any women's intimate apparel for sale or display. Plaintiff only forewent the sale of women's intimate apparel because WVC refused to grant it a business license otherwise. This decision represented an effort to mitigate the damages it had already incurred based upon the significant investment it made into the Premises in reliance upon WVC's myriad representations.

**RESPONSE**: WVC denies that it refused to grant Hustler Hollywood a business license unless it forewent the sale of lingerie. WVC further responds that Hustler Hollywood is not prohibited from selling lingerie. Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152). WVC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 and therefore denies the allegations.

4889-4926-8108.v3

59. Subsequently thereto, in the Spring of 2023, Plaintiff worked with WVC to submit proposed changes to the Code that would remove the arbitrary and unjustifiable discrimination against stores that sell specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids, and the speech exhibited by these establishments.

**RESPONSE**: WVC admits that Hustler Hollywood communicated with WVC and submitted a proposed change to WVC's Municipal Code. WVC denies the remaining allegations and characterizations in paragraph 59. WVC denies that Hustler Hollywood's sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution or the freedom of speech clause of the Utah Constitution.

60. On or about March 23, 2023, Plaintiff filed an application to amend/modify the code, as per WVC's request. A true and correct copy of which this application is attached hereto as **Exhibit C**.

**RESPONSE**: WVC denies that it requested that Hustler Hollywood submit an application to amend/modify the code; this is the process that anyone must follow who wishes to amend/modify the code. WVC admits that it expressed its preference that Hustler Hollywood submit a proposed change to the WVC Code rather than file a lawsuit. WVC admits that Hustler Hollywood filed an application to amend/modify the code on or about March 23, 2023.

61. After public input and hearings before the WVC Planning Commission, on or about April 26, 2023, the Planning Commission agreed with the request to amend/modify the Code, and forwarded a positive recommendation to the WVC City Council.

4889-4926-8108.v3

**RESPONSE**: WVC admits that the Planning Commission held public hearings and that the Planning Commission agreed to forward a positive recommendation to the WVC City Council. WVC denies the remaining allegations in paragraph 61 and denies any allegation not specifically admitted.

62.     Unfortunately, on June 20, 2023, without reason, explanation or supporting justification, and in direct opposition to the recommendation of the Planning Commission, the WVC City Council finalized its decision to reject Plaintiff's proposal to amend the Code. Upon finalization of this decision, Plaintiff was left without any further administrative remedies on the matter, making it ripe for judicial review.

**RESPONSE**: WVC admits that it rejected Hustler Hollywood's proposal to amend the Code, but denies that there was no "reason, explanation or supporting justification." WVC admits that Hustler Hollywood exhausted its administrative remedies and that the matter is ripe for judicial review.

63.     Based on WVC's rejection of Plaintiff's proposal to amend the Code, Plaintiff remains prohibited from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store under the operative WVC Code.

**RESPONSE**: Deny. WVC further responds that Hustler Hollywood is not prohibited from selling lingerie, adult novelties, and adult marital or sexual aids. Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152).

64.     In rejecting Plaintiff's proposal and in making Plaintiff's ability to receive a business license contingent upon Plaintiff altering its business and foregoing the sale of women's intimate apparel at the Store, WVC exercised the rights granted to it under the color of Utah law and deprived Plaintiff of its Constitutionally guaranteed protections of freedom of speech, due process, and equal protection under the First and Fourteenth Amendments.

**RESPONSE**: Deny.

65.     Plaintiff has invested significant amounts of money and resources into the construction and preparation for the Premises to operate as originally intended, including for the sale of women's intimate apparel. Plaintiff's monetary expenditures on the Store and the Premises to date are in excess of $2,200,000.00. Furthermore, as a result of WVC making Plaintiff's ability to operate its business contingent upon the exclusion of certain of its products from being sold at the Store, Plaintiff has suffered lost profits and other monetary damages.

**RESPONSE**: WVC lacks sufficient knowledge to admit or deny this assertion and therefore denies the allegations. WVC denies that it is liable to Plaintiff for monetary expenditures or lost profits, and further denies it is liable to Plaintiff for damages in any amount.

### FIRST CAUSE OF ACTION
**(Equitable Estoppel)**

66.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

67.    WVC made several admissions, written and oral statements, and/or undertook actions that indicated that the Store would receive approval to receive and operate a business license as a general retail establishment.

**RESPONSE**: WVC denies that it indicated that Hustler Hollywood would receive a business license without complying with WVC zoning regulations. Further answering, WVC asserts Hustler Hollywood received a business license and is operating at the Premises.

68.    These actions included Ms. Knapp's September 2021 written statement that the Store would be considered "general retail," Mr. Bush's written indication that the Store had "passed" the Commercial Planning and Zoning Pre-Site Approval in February 2022, as well as the myriad conversations regarding the approval of the Store that took place via phone, email and in person between WVC and Plaintiff, and WVC's inducement of Plaintiff to pay fees associated with various stages of the approval process.

**RESPONSE**: WVC denies the allegations in paragraph 68. Further answering, WVC denies that Ms. Knapp's erroneous reference to "general retail" binds the City to grant a business license, denies that pre-approval means that the "Store would receive approval to receive and operate a business license", denies that conversations between WVC and Hustler Hollywood established that the "Store would receive approval to receive and operate a business license", and denies that it induced Hustler Hollywood to pay fees associated with various stages of the approval process.

69.    Plaintiff relied upon the admissions, written statements, and/or actions of WVC in various ways, including by applying for a business license, procuring the Premises, and investing significant time and money in the design and construction of the Premises.

**RESPONSE**: WVC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 about what Hustler Hollywood relied on and thus denies the same. WVC asserts that Hustler Hollywood had access to an obligation to comply with WVC's Code.

70. At all times, Plaintiff was forthcoming about its intent to sell women's intimate apparel at the Store.

**RESPONSE**: WVC denies the allegations in paragraph 70. Hustler Hollywood's initial inquiry did not address lingerie. Though Hustler Hollywood never denied that it intended to sell lingerie, it was not always forthcoming about its intent to sell lingerie.

71. Prior to July 2022, WVC never gave any indication that Plaintiff's intentions to sell women's intimate apparel at the Store could affect its ability to receive a business license for the Store.

**RESPONSE**: WVC denies the allegations in paragraph 71, with the exception that WVC employees first raised the issue of the zoning restriction on Lingerie Stores in July 2022. WVC asserts that Hustler Hollywood had access to the Code, which included the restriction on Lingerie Stores in the applicable zone. Further answering, WVC states that Hustler Hollywood —not WVC—has the burden of ensuring that its proposed use complies with zoning regulations. WVC denies any allegation in paragraph 71 not specifically admitted.

72. WVC's admissions, statements, and/or actions were inconsistent with its abrupt denial of the Store's business license in July 2022, and its ultimate rejection of Plaintiff's proposed Code changes.

**RESPONSE**: Deny. Further answering, WVC denies that it indicated Hustler Hollywood would receive a business license without complying with WVC zoning regulations. WVC asserts that Hustler Hollywood received a business license and is operating at the Premises.

73. But for WVC's admissions, written statements, and/or actions, Plaintiff would not have taken the steps that it did to open the Store.

**RESPONSE**: Deny.

74. As a result of WVC's admissions, written statements, and/or actions, Plaintiff's subsequent reliance thereon, and WVC's later denial of the Store's business license, Plaintiff has been damaged in an amount to be determined at trial but not less than $2,200,00.00.

**RESPONSE**: Deny.

**SECOND CAUSE OF ACTION**
**(Violation of Plaintiff's First Amendment Rights – Strict Scrutiny of Regulation of High Value Speech)**

75. Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

76. The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the right to be free from discriminatory municipal action that violates the First Amendment of the United States Constitution.

**RESPONSE**: Paragraph 76 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that

the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the First Amendment.

77.     The sale of the specific combination of products sold at the Store, including women's intimate apparel, adult novelties, and adult marital or sexual aids, is expressive conduct that is intended to convey a particularized, sex-forward, sex-positive message, and to make a statement about the value of such message in our society and in the law, in a way in which the recipients of that message are very likely to understand. As such, Plaintiff's efforts to display, market and sell this combination of products qualifies as speech and is protected expression under the First Amendment.

**RESPONSE**: Deny. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

78.     The definition of a "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 is a content-based regulation that targets the speech in question (a sex- forward, sex-positive message conveyed through the brand's mission and the sale of lingerie, adult novelties and adult marital or sexual aids at the same retail establishment).

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights; therefore, the correct standard of review is rational basis review, not strict scrutiny.

79. In addition, the definition of "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 is a content-based regulation of speech that is neither obscene nor sexually explicit.

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights.

80. As such, the Code Chapters in question are subject to strict scrutiny and presumptively invalid. Because this combination of laws is not narrowly tailored and does not serve a compelling government interest, they cannot withstand strict scrutiny, and they are invalid.

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights. Therefore, the correct standard of review is rational basis review, not strict scrutiny.

81. The government interests asserted in connection with Code Chapters Chapter 7-1-103 and 7-6-301 are not substantial.

**RESPONSE**: Paragraph 81 sets forth a legal conclusion to which no response is required. To the extent that an answer is required, WVC denies the allegations in paragraph 81 and asserts that the Court—not Hustler Hollywood— has the mantle of interpreting the law.

82.     Furthermore, Chapters Chapter 7-1-103 and 7-6-301 do not advance these government interests, and their prohibitions are unnecessary to serve any such interest.

**RESPONSE**: Paragraph 82 sets forth legal conclusions to which no response is required. To the extent that an answer is required, WVC denies the allegations in paragraph 82 and asserts that the Court—not Hustler Hollywood— has the mantle of interpreting the law.

83.     As such, the sale and display of these products is protected political speech, and WVC's regulation thereof cannot withstand strict scrutiny.

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights; therefore, the correct standard of review is rational basis review, not strict scrutiny.

84.     In addition, the WVC Code's arbitrary imposition of more stringent regulations and thresholds on "Lingerie Stores" without defining "lingerie," "adult novelties," "adult marital or sexual aids," or "adult establishment" prohibits conduct without providing sufficient notice to give a person of ordinary intelligence an opportunity to know what is prohibited.

**RESPONSE**: Deny.

85.     WVC Code's lack of defined terms makes the regulations facially overbroad and invalid on their face.

**RESPONSE**: Deny.

86.     WVC Code's definition of "Lingerie Store" can be interpreted to include many clothing retailers.

**RESPONSE**: Deny. The WVC Code's definition of Lingerie Store includes only stores that fall within the specific definition.

87.     These overbroad and unduly vague regulations chill expression of Plaintiff and others and provides a real and substantial chilling effect on legitimate expression.

**RESPONSE**: Deny.

88.     In prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store based on the aforementioned Code Chapters and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

89.     By acting as described in the preceding paragraphs, WVC has deprived Plaintiff of its First Amendment right of freedom of speech.

**RESPONSE**: Deny.

90.     Based upon the foregoing, Plaintiff is entitled to a judgment declaring that WVC has violated Plaintiff's First Amendment Rights, as well as an injunction stopping application of the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees and costs associated with bringing this action.

**RESPONSE**: Deny.

4889-4926-8108.v3

## THIRD CAUSE OF ACTION
### (Violation of Plaintiff's First Amendment Rights – Strict Scrutiny of Content Based Regulation of Speech)

91.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

92.     The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the right to be free from discriminatory municipal action that violates the First Amendment of the United States Constitution.

**RESPONSE**: Paragraph 92 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the First Amendment.

93.     In the alternative to Plaintiff's Second Cause of Action, WVC improperly seeks to regulate protected non-obscene speech.

**RESPONSE**: Deny.

94.     The sale of the specific combination of products sold at the Store, including women's intimate apparel, adult novelties, and adult marital or sexual aids, is expressive conduct that is intended to convey a particularized, sex-forward, sex-positive message, and to make a statement about the value of such message in our society and in the law, in a way in which the recipients of that message are very likely to understand. As such, Plaintiff's efforts to display,

market and sell this combination of products qualifies as speech and is protected expression under the First Amendment.

**RESPONSE**: Deny. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

95.    Additionally, the advertising, display and eventual sale of the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids is expressive conduct that proposes a commercial transaction. The sale of these products is legal. As such, Plaintiff's intention to advertise, display and eventually sell these products is protected commercial speech under the First Amendment.

**RESPONSE**: Deny. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

96.    Such speech is not obscene.

**RESPONSE**: WVC denies paragraph 96 on the ground that it denies that Hustler Hollywood's sale of lingerie, adult novelties, and adult marital or sexual aids is speech or expression under the First Amendment of the United State Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

97.    The definition of a "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 is a content-based regulation that targets the speech in question (a sex- forward, sex-positive message conveyed through the brand's mission and the sale of lingerie, adult

37

novelties and adult marital or sexual aids at the same retail establishment) instead of any secondary effects purportedly associated with such speech.

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42.

98.     As such, the Code Chapters in question are subject to strict scrutiny and presumptively invalid. Because this combination of laws is not narrowly tailored and does not serve a compelling government interest, they cannot withstand strict scrutiny, and they are invalid.

**RESPONSE**: Deny.

99.     In addition, the WVC Code's arbitrary imposition of more stringent regulations and thresholds on "Lingerie Stores" without defining "lingerie," "adult novelties," "adult marital or sexual aids," or "adult establishment" prohibits conduct without providing sufficient notice to give a person of ordinary intelligence an opportunity to know what is prohibited.

**RESPONSE**: Deny.

100.     WVC Code's lack of defined terms makes the regulations facially overbroad and invalid on their face and is not limited to regulating secondary effects of non-obscene, erotic materials.

4889-4926-8108.v3

**RESPONSE**: Deny.

101.    WVC Code's definition of "Lingerie Store" can be interpreted to include many clothing retailers.

**RESPONSE**: Deny. The WVC Code's definition of Lingerie Store includes only stores that fall within the specific definition.

102.    These overbroad and unduly vague regulations chill expression of Plaintiff and others and provide a real and substantial chilling effect on legitimate expression.

**RESPONSE**: Deny.

103.    In prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store based on the aforementioned Code Chapters and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA, to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

104.    By acting as described in the preceding paragraphs, WVC has deprived Plaintiff of its First Amendment right of freedom of speech.

**RESPONSE**: Deny.

105.    Based upon the foregoing, Plaintiff is entitled to a judgment declaring that WVC has violated Plaintiff's First Amendment Rights, as well as an injunction stopping application of

the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees and costs associated with bringing this action.

**RESPONSE**: Deny.

**FOURTH CAUSE OF ACTION**
**(Violation of Plaintiff's First Amendment Rights – Intermediate Scrutiny of Time/Place/Manner Restriction)**

106.    Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

107.    The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the right to be free from discriminatory municipal action that violates the First Amendment of the United States Constitution.

**RESPONSE**: Paragraph 107 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the First Amendment

108.    WVC's time, place, and manner restrictions have secondary impacts on speech and are not narrowly tailored to serve a significant government interest.

**RESPONSE**: Deny. WVC denies that the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution.

4889-4926-8108.v3

109. The sale of the specific combination of products sold at the Store, including women's intimate apparel, adult novelties, and adult marital or sexual aids, is expressive conduct that is intended to convey a particularized, sex-forward, sex-positive message, and to make a statement about the value of such message in our society and in the law, in a way in which the recipients of that message are very likely to understand. As such, Plaintiff's efforts to display, market and sell this combination of products qualifies as speech and is protected expression under the First Amendment.

**RESPONSE**: Deny. WVC denies that the sale of lingerie, adult novelties, and adult marital or sexual aids qualifies as protected speech or expression under the First Amendment of the United States Constitution.

110. Additionally, the advertising, display and eventual sale of the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids is expressive conduct that proposes a commercial transaction. The sale of these products is legal. As such, Plaintiff's intention to advertise, display and eventually sell these products is protected commercial speech under the First Amendment.

**RESPONSE**: Deny. WVC denies that the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution.

111. The definition of a "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301, even if considered a content-neutral regulation, has a secondary impact on the protected speech in question (a sex-forward, sex-positive message conveyed through the brand's

41

mission and the sale of lingerie, adult novelties and adult marital or sexual aids at the same retail establishment).

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution.

112.    As such, the Code Chapters in question are subject to intermediate scrutiny and are invalid unless narrowly tailored to serve a significant government interest. Because this combination of laws is not narrowly tailored and does not serve a significant government interest, they cannot withstand intermediate scrutiny, and they are invalid.

**RESPONSE**: Deny. WVC asserts that its Code Chapters in question do not restrict any expressive conduct or infringe on any fundamental rights. *See Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42. Therefore, the correct standard of review is rational basis review, not intermediate scrutiny.

113.    The government interests asserted in connection with Code Chapters Chapter 7-1-103 and 7-6-301 are not significant.

**RESPONSE**: Paragraph 113 sets forth a legal conclusion to which no response is required. To the extent a response is required, WVC denies the allegations in paragraph 113, and asserts that its Code speaks for itself and that the Court, not Hustler Hollywood, has the mantle of interpreting the law.

114.     Furthermore, Chapters Chapter 7-1-103 and 7-6-301 do not advance these government interests, and their prohibitions are not narrowly tailored to serve any such interest.

**RESPONSE**: Paragraph 114 sets forth legal conclusions to which no response is required. To the extent a response is required, WVC denies the allegations in paragraph 114, and asserts that its Code speaks for itself and the Court, not Hustler Hollywood, has the mantle of interpreting the law.

115.     As such, the sale and display of these products is protected speech, and WVC's regulation thereof cannot withstand intermediate scrutiny.

**RESPONSE**: Deny. WVC denies that the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the First Amendment of the United States Constitution. Accordingly, the correct standard of review is rational basis, not intermediate scrutiny.

116.     In addition, the WVC Code's arbitrary imposition of more stringent regulations and thresholds on "Lingerie Stores" without defining "lingerie," "adult novelties," "adult marital or sexual aids," or "adult establishment" prohibits conduct without providing sufficient notice to give a person of ordinary intelligence an opportunity to know what is prohibited.

**RESPONSE**: Deny.

117.     WVC Code's lack of defined terms makes the regulations facially overbroad and invalid on their face and regulates more speech than the constitution allows.

**RESPONSE**:  Deny. WVC asserts the referenced regulations do not restrict any speech.

118.     WVC Code's definition of "Lingerie Store" can be interpreted to include many clothing retailers.

**RESPONSE**: Deny. The WVC Code's definition of Lingerie Store includes only stores that fall within the specific definition.

119.    WVC Code's restriction of "Lingerie Store" locations fail to leave open ample alternative channels of communication.

**RESPONSE**: Deny.

120.    These overbroad and unduly vague regulations chill expression of Plaintiff and others and provide a real and substantial chilling effect on legitimate expression.

**RESPONSE**: Deny. WVC asserts that the sale of lingerie, adult novelties, and adult marital or sexual aids is not protected speech or expression under the First Amendment of the United States Constitution.

121.    In prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store based on the aforementioned Code Chapters and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

122.    By acting as described in the preceding paragraphs, WVC has deprived Plaintiff of its First Amendment right of freedom of speech.

**RESPONSE**: Deny.

4889-4926-8108.v3

123.     Based upon the foregoing, Plaintiff is entitled to a judgment declaring that WVC has violated Plaintiff's First Amendment Rights, as well as an injunction stopping application of the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees associated with bringing this action.

**RESPONSE**: Deny.

**FIFTH CAUSE OF ACTION**
**(Violation of Plaintiff's Equal Protection Rights – Intermediate Scrutiny)**

124.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

125.     The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the rights to equal protection under the law guaranteed under the Fourteenth Amendment of the United States Constitution.

**RESPONSE**: Paragraph 125 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Fourteenth Amendment.

126.     The United States Supreme Court has held that laws that apply gender-based classifications are subject to a heightened standard of review, a standard often referred to as intermediate scrutiny.

**RESPONSE**: Paragraph 126 is a statement of law to which no response is required. WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

WVC denies that the relevant sections of its Code apply gender-based classifications. Therefore, the correct standard of review is rational basis, not intermediate scrutiny.

127.    To survive intermediate scrutiny on an equal protection challenge, a gender-based classification needs an exceedingly persuasive justification and must serve an important governmental objective through means substantially related to achieving those objectives.

**RESPONSE**: Paragraph 127 is a statement of law to which no response is required. WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC rejects Hustler Hollywood's premise that the relevant sections of its Code apply gender-based classifications, resulting in a heightened standard of review.

128.    Furthermore, when the government uses an entity to implement a discriminatory scheme, that entity may invoke the rights of the class that faces the discrimination in order to challenge the scheme. *See Craig v. Boren*, 429 U.S. 190, 194–7, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

**RESPONSE**: Paragraph 128 is a statement of law to which no response is required. WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC rejects Hustler Hollywood's premise that the relevant sections of its Code apply gender-based classifications, therefore, there is no protected class facing discrimination.

129.    The WVC code's restriction on retailers that qualify as "Lingerie Stores" is a gender-based classification because the term is undefined by the WVC Code and the plain meaning of the word "lingerie" applies only to women's intimate apparel and not men's.

**RESPONSE**: Deny.

130.     WVC's gender-based discrimination prohibiting the operation of "Lingerie Stores" in two-thirds of its commercial zones does not serve an important governmental objective through means substantially related to achieving those objectives, and the classification does not have an exceedingly persuasive justification for its existence.

**RESPONSE**: Deny. WVC asserts it has not engaged in gender-based discrimination through its enforcement of relevant Code sections.

131.     In prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store based on the aforementioned Code Chapters and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

132.     By acting as described in the preceding paragraphs, WVC has deprived Plaintiff of its Fourteenth Amendment right of equal protection.

**RESPONSE**: Deny.

133.     Based upon the foregoing, Plaintiff is entitled to a judgment declaring WVC's definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 is a gender-based classification that violates Plaintiff's right to Equal Protection under the Fourteenth Amendment of the United

States Constitution, as well as an injunction stopping application of the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees associated with bringing this action.

**RESPONSE**: Deny.

**SIXTH CAUSE OF ACTION**
**(Violation of Plaintiff's Equal Protection Rights – Rational Basis Review)**

134.    Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

135.    The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the rights to equal protection under the law guaranteed under the Fourteenth Amendment of the United States Constitution.

**RESPONSE**: Paragraph 135 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Fourteenth Amendment.

136.    The United States Supreme Court has held that economic classifications must be rationally related to a legitimate government purpose.

**RESPONSE**: Paragraph 136 is a statement of law to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

48

137. In addition to creating a gender-based classification, the WVC Code creates an economic classification.

**RESPONSE**: Paragraph 137 sets forth legal conclusions to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

138. The WVC Code's prohibition on the operation of "Lingerie Stores" in two-thirds of its commercial zones does not serve a legitimate governmental objective through means rationally related to achieving those objectives.

**RESPONSE**: Deny.

139. Even under rational basis review, bare animus is not a sufficient justification.

**RESPONSE**: Paragraph 139 is a statement of law to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies "bare animus" is WVC's reason for enforcing its Code.

140. WVC identified no government purpose to justify its definition of a "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301.

**RESPONSE**: Deny.

141. Upon information and belief, these regulations are based on bare animus against a sex-forward, sex-positive message.

**RESPONSE**: Deny.

142.     In prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids at the Store based on the aforementioned Code Chapters and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

143.     By acting as described in the preceding paragraphs, WVC has deprived Plaintiff of its Fourteenth Amendment right of equal protection.

**RESPONSE**: Deny.

144.     Based upon the foregoing, Plaintiff is entitled to a judgment declaring WVC's definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 violates Plaintiff's right to Equal Protection under the Fourteenth Amendment of the United States Constitution, as well as an injunction stopping application of the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees and costs associated with bringing this action.

**RESPONSE**: Deny.

**SEVENTH CAUSE OF ACTION**
**(Violation of Plaintiff's Due Process Rights)**

147.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

4889-4926-8108.v3

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

148.    The rights enforceable by 42 U.S.C. § 1983 include, among other rights guaranteed by the United States Constitution, the right to be free from discriminatory municipal action that violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**RESPONSE**: Paragraph 148 is a statement of law to which no response is required. WVC asserts that 42 U.S.C. § 1983 and the United States Constitution speak for themselves and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Fourteenth Amendment.

149.    WVC's determination that Plaintiff cannot sell lingerie at the Store violates Plaintiff's rights under the Due Process Clause, which prohibits municipal actors from prohibiting conduct that is not sufficiently specific to give a person of ordinary intelligence an opportunity to know what is prohibited.

**RESPONSE**: Deny. WVC asserts it has not prohibited Hustler Hollywood from selling lingerie, adult novelties, and adult marital or sexual aids. Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152).

150.    Under the Fourteenth Amendment, a regulation prohibiting conduct must provide adequate notice of the proscribed conduct.

4889-4926-8108.v3

**RESPONSE**: Paragraph 150 is a statement of the law to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

151.    Such regulations must also "provide explicit standards for those who apply them." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**RESPONSE**: Paragraph 151 is a statement of the law to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

152.    A regulation also violates the Due Process clause when it "delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id*. at 108–09.

**RESPONSE**: Paragraph 152 is a statement of the law to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that the relevant code sections violate the Due Process Clause.

153.    The WVC Code's arbitrary imposition of more stringent regulations and thresholds on "Lingerie Stores" without defining "lingerie," "adult novelties," "adult marital or sexual aids," or "adult establishment" prohibits conduct without providing sufficient notice to give a person of ordinary intelligence an opportunity to know what is prohibited.

**RESPONSE**: Deny.

154.    This lack of notice creates a deterrent effect on legitimate expression that is both real and substantial.

**RESPONSE**: Deny.

155.    The WVC Code definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 does not provide retailers, current or prospective, with information sufficient for those retailers to determine whether or not their business will qualify as a "Lingerie Store" that is subject to zoning restrictions that are more stringent than those placed on general retailers.

**RESPONSE**: Deny.

156.    The WVC Code's lack of defined terms delegate to WVC employees and agents the authority to subjectively determine which retailers qualify as a "Lingerie Store," increasing the dangers of arbitrary and discriminatory application.

**RESPONSE**: Deny.

157.    By failing to provide adequate notice of the prohibited conduct, prohibiting Plaintiff from selling the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids based on the aforementioned Code Chapters, and then rejecting Plaintiff's proposal to amend the WVC Code, WVC has acted under the color of state law, namely the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits.

**RESPONSE**: WVC asserts that LUDMA speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. To the extent that a response is required, WVC admits that it exercised the powers granted to it by LUDMA to enact and enforce ordinances within its municipal limits. WVC denies it failed to provide adequate notice of prohibited conduct or that it prohibited Hustler Hollywood from selling lingerie, adult novelties,

and adult marital or sexual aids. Hustler Hollywood may dedicate up to five percent of its floor space to the "sale of lingerie, adult novelties, and adult marital or sexual aids" so long as such sales do not account for "five percent or more of gross sales" and so long as Hustler Hollywood does not market the Store as a "Lingerie Store or adult establishment." *See* WVC Municipal Code § 7-1-103(152).

158. By acting as detailed in the preceding paragraph, WVC has deprived Plaintiff of its Fourteenth Amendment right of due process under the law.

**RESPONSE**: Deny.

159. Based upon the foregoing, Plaintiff is entitled to a judgment declaring WVC's definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 violates Plaintiff's right to Due Process under the Fourteenth Amendment of the United States Constitution, as well as an injunction stopping application of the aforementioned ordinances, monetary damages resulting from WVC's actions, and reasonable attorney fees and costs associated with brining this action.

**RESPONSE**: Deny.

**EIGHTH CAUSE OF ACTION**
**(Violation of Plaintiff's State Constitutional Free Speech Rights)**

160. Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

161. The Utah Constitution provides that "No law shall be passed to abridge or restrain the freedom of speech or of the press," Utah Const. art. I, § 15, and "All men have the inherent

and inalienable right . . . to communicate freely their thoughts and opinions, being responsible for the abuse of that right," Utah Const. art. I, § 1. These provisions are construed together. *Am. Bush v. City of South Salt Lake*, 2006 UT 40, ¶ 18, 140 P.3d 1235.

**RESPONSE**: Paragraph 161 is a statement of law to which no response is required. WVC asserts that the Utah Constitution speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Utah Constitution.

162.    "[T]he governmental restriction clause contained in article I, section 15 of the Utah Constitution is broader than its federal counterpart" and "narrows the scope of permissible governmental action in relation to forms of expression protected by the liberty and responsibility clause of article I, section 1." *Id*. ¶ 21. "Indeed, the Utah Constitution forbids laws which either 'abridge or restrain the freedom of speech,' . . . while the United States Constitution forbids only those laws that 'abridg[e]' that right." *Id*.

**RESPONSE**: Paragraph 162 is a statement of law to which no response is required. WVC asserts that the Utah Constitution speaks for itself and that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Utah Constitution.

163.    "[T]he language of the Utah Constitution seems to prohibit laws which either directly limit protected rights or indirectly inhibit the exercise of those rights." *Id*.

**RESPONSE**: Paragraph 163 is a statement of law to which no response is required. WVC asserts that the Utah Constitution speaks for itself and that the Court—not Hustler

Hollywood—has the mantle of interpreting the law. WVC denies that any of its actions violated Plaintiff's rights under the Utah Constitution.

164.    Regulation of the marketing and sale of women's intimate apparel, alone or in combination with adult novelties and adult marital or sexual aids in one retail establishment, abridges or restrains speech.

**RESPONSE**: Deny. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids, alone or in combination is protected speech or expression under the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush v. City of S. Salt Lake*, 2006 UT 40, ¶ 21 (explaining "the governmental restriction clause concerning freedom of expression contained in the Utah Constitution . . . does not expand the range of expression protected").

165.    The sale of women's intimate apparel is not immoral speech, alone or in combination with adult novelties and adult marital or sexual aids in one retail establishment, is not immoral speech and the government is thus restricted under Utah Const. art. I, § 15 from passing laws regulating such speech.

**RESPONSE**: Deny. WVC denies the sale of lingerie alone or in combination with adult novelties and adult marital or sexual aids is protected speech or expression under the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush v. City of S. Salt Lake*, 2006 UT 40, ¶ 21.

166.    The sale of the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids in one retail establishment is expressive conduct that is intended

to convey a sex-forward, sex-positive message to its recipients. As such, the sale of this combination of products is protected expression under the Utah Constitution.

**RESPONSE**: Deny. WVC denies the sale of lingerie alone or in combination with adult novelties and adult marital or sexual aids is protected speech or expression under the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21.

167.     The definition of a "Lingerie Store" found in Chapter 7-1-103 combined with the prohibition of operating such establishments in the Decker Lake Station Overlay Zone found in Chapter 7-6-301 is a content-based regulation that targets, abridges, and restrains the speech in question, instead of the secondary effects purportedly associated with such speech.

**RESPONSE**: Deny. Further answering, WVC states WVC's Code Provision regarding "Lingerie Stores" found in Chapter 7-1-103 combined with the prohibition of operating such stores in Decker Lake Station Overlay Zone found in Chapter 7-6-301 does not restrict any expressive conduct or infringe on any fundamental rights. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21.

168.     As such, the Code Chapters are subject to strict scrutiny and presumptively invalid. Because this combination of laws is not narrowly tailored, does not serve a compelling government interest, and abridges or restrains freedom of speech, they cannot withstand strict scrutiny, and they are invalid.

4889-4926-8108.v3

**RESPONSE**: Paragraph 168 sets forth legal conclusions to which no response is required. WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC denies the sale of lingerie, adult novelties, and adult marital or sexual aids is protected speech or expression under the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21. Therefore, the appropriate standard of review is rational basis, not strict scrutiny.

169. Additionally, the sale and display of the specific combination of women's intimate apparel, adult novelties, and adult marital or sexual aids is expressive conduct that proposes a commercial transaction.

**RESPONSE**: WVC denies paragraph 169 on the ground that the sale of lingerie, adult novelties, and adult marital or sexual aids is not protected speech or expressive conduct under the freedom of speech clause of the Utah Constitution.

170. The sale of these products is legal.

**RESPONSE**: Paragraph 170 sets forth a legal conclusion to which no response is required. To the extent a response is required, WVC asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law. WVC admits that, subject to limitations of applicable zoning requirements, the sale of the listed products is legal.

171. The government interests asserted in connection with Code Chapters Chapter 7-1-103 and 7-6-301 are not substantial.

**RESPONSE**: Paragraph 171 sets forth a legal conclusion to which no response is required. To the extent a response is required, WVC denies the allegations in paragraph 171 and asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

172.    Furthermore, Chapters Chapter 7-1-103 and 7-6-301 do not advance these government interests, and their prohibitions are necessary to serve any such interest.

**RESPONSE**: Paragraph 172 sets forth legal conclusions to which no response is required. To the extent a response is required, WVC denies the allegations in paragraph 172 and asserts that the Court—not Hustler Hollywood—has the mantle of interpreting the law.

173.    As such, the sale and display of these products is protected speech, and WVC's regulation thereof cannot withstand strict scrutiny.

**RESPONSE**: WVC denies paragraph 173 on the ground that the sale of lingerie, adult novelties, and adult marital or sexual aids is not protected speech or expression under the freedom of speech clause of the Utah Constitution. *See generally Perrin*, 933 F.3d 951; *Halton*, 73 P.3d at 341-42; *see also Am. Bush*, 2006 UT 40, ¶ 21.

174.    By acting as detailed in the preceding paragraphs, WVC has deprived Plaintiff of its freedom of speech under the Utah Constitution.

**RESPONSE**: Deny.

175.    Based upon the foregoing, Plaintiff is entitled to a judgment declaring WVC's definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 violates Plaintiff's right to Free Speech under the Utah Constitution, as well as an injunction stopping application of the aforementioned ordinances.

**RESPONSE**:  Deny.

### NINTH CAUSE OF ACTION
### (Violation of Plaintiff's State Constitutional Rights to Uniform Operation of Laws)

176.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

177.     The Utah Constitution provides that "[a]ll laws of a general nature shall have uniform operation." Utah Const. art. I, § 24.

**RESPONSE**: Paragraph 177 is a statement of law to which no response is required. WVC asserts that the Utah Constitution speaks for itself. To the extent a response is required, WVC admits the Utah Constitution includes the quoted statement. WVC denies that any of its actions violated Plaintiff's rights under the Utah Constitution.

178.     The WVC Code's classification of "Lingerie Stores" as distinct from other clothing retailers and other retailers more generally constitutes an arbitrary and unreasonable classification that has no logical basis and disadvantages "Lingerie Stores" when other, similarly situated merchandisers are not subjected to the same deprivation of rights.

**RESPONSE**: Deny.

179.     The WVC Code's classification of "Lingerie Stores" as distinct from other clothing retailers is also an arbitrary and unreasonable classification that has no logical basis and disadvantages stores selling women's intimate apparel, specifically because those products are women's intimate apparel, implicating a higher level of scrutiny.

**RESPONSE**: Deny.

180.     WVC has identified no legitimate legislative objective as justification for such classification.

4889-4926-8108.v3

**RESPONSE**: Deny.

181.    Even if WVC had identified such objective, WVC did not rely on any actual evidence or factual basis supporting such objective.

**RESPONSE**: WVC denies the allegations in paragraph 181 on the ground that it has a legitimate legislative objective for the classifications in its Code.

182.    Because of this lack of evidence or factual basis, WVC has not shown—and cannot show—a reasonable relationship between a legitimate legislative purpose and such objective.

**RESPONSE**: Deny.

183.    Plaintiff is similarly situated to all other non-Sexually Oriented Businesses in the area, which are presently permitted to operate and to engage in speech, while Plaintiff has been denied those rights.

**RESPONSE**: Deny.

184.    Plaintiff is similarly situated to all other clothing retailers in the area, which are presently permitted to operate and sell women's intimate apparel, while Plaintiff has been denied those rights.

**RESPONSE**: Deny. WVC asserts that all retailers within WVC must adhere to the Code.

185.    Upon information and belief, WVC has intentionally treated Plaintiff differently from other similarly situated retailers by prohibiting Plaintiff from engaging in business as a "Lingerie Store" within the Decker Lake Station Overlay Zone.

**RESPONSE**: Deny.

186.     By acting as detailed in the preceding paragraphs, WVC has deprived Plaintiff of its right to Uniform Operation of Laws.

**RESPONSE**: Deny.

187.     Based upon the foregoing, Plaintiff is entitled to a judgment declaring WVC's definition of a "Lingerie Store" in Chapter 7-1-103 combined with the prohibition of such stores in the Decker Lake Station Overlay Zone in Chapter 7-6-301 violates Plaintiff's right to Uniform Operation of Laws under the Utah Constitution, as well as an injunction stopping application of the aforementioned ordinances.

**RESPONSE**: Deny.

**TENTH CAUSE OF ACTION**
**(Appeal of Land Use Decision Utah Code Ann. § 10-9a-801)**

188.     Plaintiff realleges and incorporates all the preceding paragraphs of this Complaint as if fully set forth herein.

**RESPONSE**: WVC incorporates by reference its responses set forth in the previous paragraphs as if fully set forth herein.

189.     Under Utah's Municipal Land Use, Development, and Management Act ("**LUDMA**"), Utah Code Ann. § 10-9a-801, a land use applicant or adversely affected party may file a petition for review of a land use decision with the district court.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC asserts that LUDMA speaks for itself and that the Court, not the Plaintiff, has the mantle of interpreting the law.

190.     Such a petition must be filed within 30 days after the decision is finalized.

4889-4926-8108.v3

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC asserts that LUDMA speaks for itself and that the Court, not the Plaintiff, has the mantle of interpreting the law.

191.     Also under LUDMA, this Court has the authority to determine whether the land use regulation is expressly preempted by, or was enacted contrary to, state or federal law.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC asserts that LUDMA speaks for itself and that the Court, not the Plaintiff, has the mantle of interpreting the law.

192.     While LUDMA generally requires that courts presume that a final land use decision made by a land use authority is valid, such a presumption is not required if the land use decision in question is deemed to be either arbitrary and capricious or illegal.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC asserts that LUDMA speaks for itself and that the Court, not the Plaintiff, has the mantle of interpreting the law.

193.     Without discussion, explanation or justification, the WVC City Council arbitrarily and capriciously rejected the recommendation of the Planning Commission to approve the modification to the code.

**RESPONSE**: Deny.

194.     Furthermore, LUDMA deems a land use decision to be illegal if the decision is contrary to law.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC asserts that LUDMA speaks for itself and that the Court, not the Plaintiff, has the mantle of interpreting the law.

195.    As articulated in detail above, when taken together, WVC Code Chapters 7-1-103 and 7-6-301 violate the First and Fourteenth Amendments of the United States Constitution, making them contrary to law and therefore illegal.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC denies that its Code Chapters are illegal or violated the United States Constitution.

196.    Because the aforementioned Code Chapters are illegal, this Court should not presume that WVC's final decision to disallow the sale of lingerie at the Store was valid.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC denies that its Code Chapters are illegal.

197.    Based on the foregoing, Plaintiff seeks an order from this Court declaring that WVC acted in a manner that was arbitrary and capricious and that, when taken together, WVC Code Chapters 7-1-103 and 7-6-301 violate the First and Fourteenth Amendments of the United States Constitution, making these Chapters illegal and reversing WVC's decision on the matter.

**RESPONSE**: This assertion does not contain any factual allegations and, therefore, does not require a response. To the extent a response is required, WVC denies that its Code violates the Constitution or is illegal. Further answering, WVC denies that Hustler Hollywood is entitled to any of the relief requested.

4889-4926-8108.v3

## PRAYER FOR RELIEF

Defendant denies that Hustler Hollywood is entitled to any of the Relief Requested in its Prayer for Relief, including paragraphs A through O.

WVC denies each and every allegation not specifically admitted herein. It is not intended that there be any admission by silence or omission as to any allegations of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Hustler Hollywood's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Hustler Hollywood has not and cannot state a claim that WVC's zoning restriction on "Lingerie Stores" violates its First Amendment rights to free speech.

### THIRD DEFENSE

Hustler Hollywood has not and cannot state a claim that WVC's ordinance restricting "Lingerie Stores"—facially or as applied—violates Hollywood Hustler's Fourteenth Amendment Equal Protection or Due Process rights.

### FOURTH DEFENSE

Hustler Hollywood's alleged reliance on certain statements or actions made by WVC employees is misplaced or unreasonable to the extent that those statements or actions conflicted with the Code.

### FIFTH DEFENSE

Hustler Hollywood's claims are barred, in whole or in part, by its own negligence. Any damages Hollywood Hustler suffered are attributable to Hustler Hollywood because Hustler Hollywood negligently or willfully ignored WVC's restriction on Lingerie Stores in the

applicable zone and because Hustler Hollywood assumed the risk of investing money into the business venture before it had final approvals from WVC.

## SIXTH DEFENSE

Hustler Hollywood failed to act in a reasonable manner to mitigate damages, if any.

## SEVENTH DEFENSE

Hustler Hollywood's claims are barred by the applicable doctrines of laches, estoppel, ratification, waiver, and any applicable statutes of limitations.

## EIGHTH DEFENSE

Hustler Hollywood has not and cannot state a claim that WVC's zoning restriction on "Lingerie Stores" violates its free speech rights under the Utah Constitution.

## NINTH DEFENSE

Hustler Hollywood has not and cannot state a claim that WVC's zoning restriction on "Lingerie Stores" violates its rights to uniform operation of laws under the Utah Constitution.

## RESERVATION OF RIGHTS

Discovery has not yet commenced in this matter, the result of which may reveal additional defenses to Defendant. Defendant reserves the right to amend this Answer if and where appropriate.

## REQUEST FOR ATTORNEY FEES

In order to defend this action, Defendant has been required to retain the services of counsel and is entitled to recover all attorneys' fees and costs incurred and related in any way or leading up to this lawsuit, pursuant to 42 U.S.C. § 1988, Federal Rules of Civil Procedure 54, and any other applicable statute, rule, or regulation.

4889-4926-8108.v3

## REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Amended Complaint and all allegations therein against WVC be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.     That the Court enter a finding and ruling that the sale of lingerie and products related to sex are not forms of expression that are protected by the First Amendment of the United States Constitution and thus, that WVC did not violate Hustler Hollywood's First Amendment right to Free Speech;

3.     That the Court finds and rules that WVC's enforcement of its zoning laws against Hustler Hollywood did not violate Hustler Hollywood's Fourteenth Amendment right to Equal Protection or Due Process;

4.     That the Court ratifies and upholds WVC's decision that the Store cannot sell lingerie, adult novelties, and adult marital or sexual aids in excess of the amount set forth in WVC's Municipal Code § 7-1-103(152);

5.     That the Court Award costs and attorneys' fees incurred in the defense of this matter pursuant to 42 U.S.C. § 1988, Federal Rules of Civil Procedure 54, and any other applicable statute, rule, or regulation; and

6.     For such other and further relief as this Court may deem just and proper under the circumstances.

DATE: November 20, 2023.

4889-4926-8108.v3

/s/ *John L. Cooper*

Robert H. Hughes
John L. Cooper
Mindy Kidd
PARSONS BEHLE & LATIMER
*Attorneys for Defendant West Valley City*

4889-4926-8108.v3

## CERTIFICATE OF SERVICE

I certify that, on November 20, 2023, I filed the foregoing **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** using the Court's CM/ECF electronic filing system, which sends notification to counsel of record.

 /s/ *John L. Cooper*

4889-4926-8108.v3